[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The parties were married on July 8, 1994 at Orange County, Florida. By complaint dated April 2, 2001, the Wife instituted this action claiming a dissolution of marriage; equitable distribution of the marital property, real and personal; and other relief, as law and equity might provide. The Husband filed an answer and cross-complaint, dated April 6, 2001, seeking the same relief.
The Husband and Wife are both in good health.
The Husband, on February 8, 1996, adopted the Wife's biological child, Jason Kenneth Guilfoil-Wright, born May 21, 1984. No other children were born issue of this marriage. Prior to the child reaching the age of eighteen, the Husband made child support payments.
Both parties were employed at the time of the marriage. The Husband is employed as a Quality Engineer for B.F. Goodrich. The Husband's gross weekly salary is $880 per week. The Wife is employed full-time as a nurse at Heritage Heights Care Center in Danbury. Although the Wife stated on her financial affidavit that her gross weekly wage was $824.40, there was credible testimony produced at trial that indicated her weekly income was substantially higher due to overtime and shift differential pay. During the course of the marriage, the Husband and Wife maintained separate savings and checking accounts, separate life and health insurance policies, and separate IRA accounts and pension plans. The Husband and Wife jointly owned the marital residence at 99 Stadley Rough Road, Danbury. On their financial affidavits, the Husband and Wife stated that the marital residence is valued at $208,000 and the balance of the mortgage on said residence is $158,000. The Husband and Wife also own a time-share in Florida. The Wife, subsequent to the filing of the complaint, purchased a condominium valued at $160,000. The Wife resides at this residence with her boyfriend.
The Court finds that residence requirements have been satisfied and CT Page 10844 neither party has been the recipient of public assistance. All pertinent criteria outlined in Chapter 815j of the General Statutes were considered by the court in the entry of the following orders as well as the evidence, testimony, and claims of law made by the parties.
 ORDERS
DISSOLUTION OF MARRIAGE
A decree dissolving the marriage on the grounds of irretrievable breakdown shall enter on August 26, 2002.
ALIMONY
By agreement of the parties, neither party shall pay alimony to the other.
AUTOMOBILES
The Plaintiff shall keep his 1996 Ford Taurus and the Chevrolet Cavalier, and the Defendant shall keep the 1992 Dodge, the 1985 Ford Pickup, and the 1965 Ford Mustang. If any of these vehicles are jointly held, the party not keeping possession of the vehicle shall sign any and all documents necessary to transfer same.
BANK ACCOUNTS
Each party shall retain his or her own checking and bank accounts without any claim from the other party. Any such accounts that are jointly held shall be divided equally.
DEFERRED COMPENSATION PLANS
The Plaintiff shall keep all interests in and to her New England Health Care Pension Fund and her (WCFCU) IRA plan. The Defendant shall keep all interests in and to his Raytheon 401K plan, his BFG 401K plan and any other pension plan that is in his name.
MEDICAL INSURANCE
The parties shall be responsible for their own medical insurance coverage.
PERSONAL PROPERTY
CT Page 10845
The parties shall divide their personal property to their mutual satisfaction. If they are unable to do so, the parties shall submit the issue to the Danbury Family Relations Division for binding resolution of this issue.
REAL PROPERTY
The Defendant shall retain the real property located at 99 Stadley Rough Road, Danbury, and be held responsible for all costs associated with said property including, but not limited to, the mortgage, taxes, and insurance; and he shall indemnify and hold the Plaintiff harmless in regard to same. The Plaintiff shall quitclaim her interest in the marital residence to the Defendant and, contemporaneous with the transfer, the Defendant shall pay the Plaintiff the sum of $20,000. This transaction shall be completed no later than six. months from the time of judgment. The Plaintiff shall retain title to her condominium located at 20 E. Pembroke Road, Danbury. The Defendant shall relinquish to the Plaintiff any and all title and interest to the time-share located in Florida, and sign all the necessary documents to effectuate same.
DIVISION OF DEBTS
Except as otherwise provided herein, the Husband shall be responsible for the debts on his financial affidavit, and the Wife shall be responsible for the debts on her financial affidavit.
ATTORNEY'S FEES
The parties shall each be solely responsible for their own attorney's fees.
MISCELLANEOUS
Each party shall sign any necessary documents to effectuate the orders contained herein.
Ginocchio, J CT Page 10846